IRELL & MANELLA LLP
Jonathan S. Kagan (SBN 166039)
(jkagan@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Rebecca L. Clifford (SBN 254105)
(rclifford@irell.com)
Nima Hefazi (SBN 272816)
(nhefazi@irell.com)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

Attorneys for Defendant
JUNIPER NETWORKS, INC., a Delaware
corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIXHAM SOLUTIONS, LTD., a British Virgin Islands International Business Company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JUNIPER NETWORKS, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 3:13-cv-00616-JCS<br><br>**JUNIPER NETWORKS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]*<br><br>Date:　　　June 28, 2013<br>Time:　　　9:30 A.M.<br>Courtroom:　Courtroom G, 15th Floor<br><br>Action filed:　February 12, 2013 |

2811368

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2013, or as soon thereafter as counsel may be heard, in Courtroom G of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Defendant Juniper Networks, Inc. ("Juniper") will and hereby does move, under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint of Plaintiff Brixham Solutions, Ltd. ("BSL") for failure to state a claim upon which relief can be granted.

Juniper's Motion to Dismiss is based on this Notice, the Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, such matters of which this Court may take judicial notice, and such oral argument and other evidence which may be submitted to the Court at any hearing on this matter.

Dated: May 14, 2013

IRELL & MANELLA LLP
Jonathan S. Kagan
Rebecca Clifford
Nima Hefazi

*/s/ Nima Hefazi*
Nima Hefazi
Attorneys for Defendant
JUNIPER NETWORKS, INC., a Delaware corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Brixham Solutions, Ltd. ("BSL") is a non-practicing entity based in the British Virgin Islands.  BSL was created by Transpacific IP Pte., Ltd., an "Asian-based IP strategy and advising company," to purchase the rights to a patent portfolio of 25 issued or pending patent applications from Hammerhead Systems, Inc. during a bankruptcy proceeding.  The purchase price for the entire patent portfolio was $230,000.  On February 12, 2013, BSL filed its first ever lawsuit, alleging that Juniper Networks, Inc. ("Juniper"), a leading provider of computer networking equipment and solutions, infringes four of these 25 patents—U.S. Patent Nos. 7,535,895 ("the '895 patent"), 7,609,621 ("the '652 patent"), 7,899,916 ("the '916 patent"), 7,940,652 ("the '652 patent") (collectively, "patents-in-suit").

BSL's six-page complaint fails to provide Juniper with proper notice of its infringement allegations.  For Counts I and II, these allegations consist entirely of the following conclusory statement:

> Juniper has directly and/or indirectly infringed, and continues to directly and/or indirectly infringe (literally or under the doctrine of equivalents) one or more claims of the [] Patent by making, using, offering for sale, selling and/or importing into the United States its M120 Multiservice Edge Router, and on information and belief other Juniper edge routers that incorporate the M120 technology including but not necessarily limited to the I-Chip, that either alone, or in combination with other products for which they are intended to be used, include elements that meet all of the limitations of the infringed claims.

*See, e.g.*, Complaint ¶¶ 17, 21.  Amazingly, the allegations for Counts III and IV provide even less information; BSL simply accused of infringement:

> products that either alone, or in combination with other products for which they are intended to be used, include elements that meet all of the limitations of the infringed claims.

*Id.* ¶¶ 25, 29.[1]

---

[1] Following this allegation in Counts III and IV is an incomplete sentence that appears to list certain Juniper products and purported functionality.  Complaint ¶¶ 25, 29.  The incomplete sentence, however, is incomprehensible, and it is not clear whether or how this sentence relates to BSL's infringement allegations.

On its face, BSL's complaint fails to satisfy the most basic pleading requirements of the Federal Rules. Rule 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the United States Supreme Court explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("*Iqbal*"), BSL must do more than merely state that the law has been violated—BSL must plead sufficient *facts* to show that it has a plausible claim for relief. BSL's direct infringement allegations fail to meet this standard for at least two reasons: (1) they fail to identify a reasonably particular set of accused products, and (2) they fail to allege that Juniper was provided with written notice of the purported infringement. BSL's indirect infringement claims are even worse. On the indirect claims, BSL fails to even allege each of the required elements for a claim for indirect infringement, much less set forth any "well-pleaded" facts that "plausibly suggest" it is entitled to the requested relief. In fact, the complaint fails to even identify whether BSL is pursuing a theory of induced infringement or contributory infringement. Juniper is thus left to guess.

BSL's inadequate complaint prejudices Juniper's ability to reasonably prepare a defense. At the very minimum, BSL should be required to comply with the Federal Rules by: (1) identifying the products or category of products it is accusing of infringement with reasonable particularity; (2) providing a clear statement as to which theories of direct or indirect infringement it is pursuing; and (3) setting forth factual allegations that "plausibly suggest" that BSL is entitled to relief under those theories. Because BSL's existing complaint fails to comply with these basic pleading requirements, the Court should dismiss BSL's complaint for failure to state a claim pursuant to Rule 12(b)(6).

## LEGAL STANDARD

Patent infringement allegations are subject to the general pleading requirements of Rule 8, which "requir[e] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 129 S. Ct. 1937 at 1949. Rather, the complaint must be supported by well-pleaded facts that plausibly show each of the elements of indirect infringement. *Iqbal*, 129 S. Ct. at 1950. "[M]ere conclusory statements" or "legal conclusions" are insufficient. *Id*. at 1949.

# ARGUMENT

Although the bare-bones allegations set forth in Brixham's complaint are not altogether clear (which is itself a problem), it appears that BSL is intending to include some combination of claims for (1) direct infringement, (2) induced infringement, and (3) contributory infringement. Juniper should not have to guess at the nature of BSL's claims. The Federal Rules require that BSL plead its claims with at least a modicum of specificity.

### 1. BSL's Allegations Of Direct Infringement Are Inadequate.

The Federal Circuit has held that Rule 8 requires complaints for direct patent infringement to provide—at a minimum—the information contained in the sample complaint included in the Appendix of Forms of the Federal Rules of Civil Procedure (Form 18). *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (direct infringement claims must conform to sample complaint set forth in Form 18). BSL's complaint fails to satisfy even this minimal standard in several key areas.

First, the complaint does not adequately identify the accused products. Where a complaint fails to name a reasonably specific category of accused devices, courts in this jurisdiction and others have routinely dismissed those claims. *See, e.g., Bender v. Motorola, Inc.*, 2010 U.S. Dist. LEXIS 26076, *7 (N.D. Cal. Feb. 26, 2010) (dismissing direct infringement allegations because "[Form 18] contemplates that the pleader identify the accused device with some semblance of specificity to alert the alleged infringer which device is at issue. It does not contemplate that the accused device or devices be described in terms of a multiplicity of generically-described product lines such as 'satellite communications technology' and 'audio amplifiers'"); *see also Prism Technologies, LLC v. AT&T Mobility, LLC*, 2012 U.S. Dist. LEXIS 126630, *12 (D. Neb. Sept. 6, 2012) (dismissing direct infringement allegations because "various wireless products and data services" was too broad and vague).

BSL's complaint fails to identify a reasonably specific category of Juniper products that supposedly infringe the patents-in-suit. With respect to the '895 patent (Count I) and the '652 patent (Count II), the complaint identifies a single exemplary product—Juniper's "M120 Multiservice Edge Router"—but then goes on to accuse "on information and belief *other* Juniper

edge routers that incorporate the M120 technology." Complaint ¶¶ 17, 21 (emphasis added). The complaint provides no indication or explanation of what BSL means by "M120 technology," and Juniper does not use this label to describe any particular technology in its own products. Thus, BSL has failed to describe the particular technology or functionality it is accusing of infringement, much less how that functionality or technology allegedly embodies the asserted patents. It is thus impossible to discern which of Juniper's numerous "other" edge routers BSL is attempting to accuse. BSL's allegations with respect to the '916 patent (Count III) and the '652 patent (Count IV) are even worse. The complaint merely alleges infringement by "products that either alone, or in combination with other products for which they are intended to be used, include elements that meet all of the limitations of the infringed claims." Complaint ¶¶ 25, 29. In other words, BSL is accusing of infringement all products that it thinks infringe the patents, but it is refusing to tell Juniper which products these may be.

Recent Northern District of California caselaw makes clear that allegations like the ones in BSL's complaint are insufficient because they do nothing to limit the category of accused devices or put the defendant on notice as to which specific products are at issue. *See Infineon Technologies AG v. Volterra Semiconductor Corp.*, 2012 U.S. Dist. LEXIS 128660 (N.D. Cal. Sept. 10, 2012). In the *Infineon* case, the plaintiff identified exemplary products by model number, and then added a reference to infringement by "other products." *Id.* at *5. The plaintiff argued that such allegations satisfied Rule 8 pleading requirements because the specific model numbers "provide[d] detail beyond that required by Form 18." *Id.* at *6. The *Infineon* court disagreed and dismissed the allegations pertaining to "other products" because they did not identify the accused products with reasonable particularity, as required to comply with Form 18. *Id.* at *8.

BSL's allegations here are no different than the reference to "other products" in the *Infineon* case. With respect to Counts I and II, the reference to "other edge routers containing the M120 technology" does not identify any specific products, nor does it allow Juniper to determine what other products BSL is accusing of infringement. Juniper's M120 Multiservice Edge Router is a computer networking product, not a piece of technology incorporated into other products.

1  Indeed, the M120 product contains numerous different technologies, and there is no way to tell
2  from BSL's complaint which particular "M120 technology" is at issue.  The allegations in Counts
3  III and IV fail to even identify a single product; a reference to "products [] either alone, or in
4  combination with other products" does not identify anything, and is clearly improper.  *See, e.g.*,
5  *Enlink Geoenergy Services, Inc. v. Jackson & Sons Drilling & Pump, Inc.*, 2010 U.S. Dist. LEXIS
6  37859, *5 (N.D. Cal. March 24, 2010) ("Form 18 requires a plaintiff to identify the device or
7  method that is accused of infringement"; dismissing complaint for failure to do so).

8  Second, the complaint does not allege (nor can it) that BSL "has given [Juniper] written
9  notice of the infringement," which is a separate requirement of Form 18.  *Bill of Lading*, 681 F.3d
10  at 1334; *see also* Fed. R. Civ. P. Form 18 (including allegation that plaintiff "has given the
11  defendant written notice of the infringement").  Because BSL did not provide Juniper notice of its
12  infringement allegations prior to filing this lawsuit, "[t]he Complaint contains no averment that
13  Plaintiff gave Defendant notice of the alleged infringement," and "[b]ecause such 'notice' is an
14  essential element of the prima facie case, the 'direct infringement' cause of action must be
15  dismissed."  *Best Medical Intern., Inc. v. Accuray, Inc.*, 2010 U.S. Dist. LEXIS 128367, at *13
16  (W.D. Penn. Dec. 2, 2010) (dismissing direct infringement claims under Form 18 standard).

17  To the extent BSL contends that the complaint itself constitutes written notice of the
18  alleged infringement, its argument must fail.  If the mere filing of the complaint were sufficient to
19  provide notice, this element would be eviscerated.  Moreover, because the complaint fails to
20  adequately identify the accused products (as discussed above), it cannot meet the written notice
21  requirement.  *Radiation Stabilization Solutions, Inc. v. Varian Medical Systems, Inc.*, 2012 U.S.
22  Dist. LEXIS 122148, *6 (N.D. Ill. August 28, 2012) (written notice requirement of Form 18 not
23  satisfied where "vague language . . . [could not] constitute notice to the Defendants of the conduct
24  they are alleged to have committed").

25  Because BSL's direct infringement allegations fail to comply with the most basic
26  requirements of Form 18, the Court should dismiss BSL's claims of direct infringement.

### 2. BSL's Claims For Indirect Infringement Are Insufficient.

There are two distinct theories under which a party may be held liable for indirect infringement: (1) induced infringement under 35 U.S.C. § 271(b), and (2) contributory infringement under 35 U.S.C. § 271(c). To plead a claim for induced infringement, a plaintiff must allege: (1) underlying acts of direct infringement by others, and (2) that the accused party knowingly induced infringement and possessed the specific intent to encourage another's infringement. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010). To plead a claim for contributory infringement, a plaintiff must allege: (1) underlying acts of direct infringement by others; (2) that the accused products are components of a patented machine constituting a material part of the patented invention; (3) that the accused party knew that the accused products were especially made or adapted for infringing use; and (4) that the accused products have no substantial non-infringing use. *Bill of Lading*, 681 F.3d at 1337. BSL's complaint fails to include allegations pertaining to each element of either theory.[2] Accordingly, the Court should dismiss BSL's allegations of indirect infringement.

Under either theory of indirect infringement, the complaint must allege one or more underlying acts of direct infringement by a third party. Here, the complaint lacks any mention of a third party who purportedly directly infringes the patents-in-suit or any explanation of how such a third party infringes. This alone requires the dismissal of BSL's indirect infringement allegations. *See Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2010 U.S. Dist. LEXIS 57461, *15 (E.D. Cal. June 9, 2010) (granting motion to dismiss; claims "shall identify any such third party infringers . . . and how that infringement is or was accomplished"); *see also Bender,* 2010 U.S. Dist. LEXIS 26076 at *10 (dismissing induced infringement claim based on "conclusory, fact-barren allegation" that defendant "performed acts . . . that infringe and *induce others to infringe*") (emphasis in the original).

Given that BSL failed to identify any alleged third party infringer, it is not surprising that BSL's complaint is also devoid of any factual allegations to support the other elements of induced

---

[2] In fact, not until BSL's "Prayer for Relief" does the complaint even make any mention the words "induce," "contribute," or variants thereof. *See* Complaint at 6.

1  or contributory infringement.  For example, with respect to induced infringement, the complaint
2  fails to allege that Juniper specifically intended its customers to infringe or even that Juniper knew
3  that the customer's acts constituted infringement of the patents-in-suit.  *Bill of Lading*, 681 F.3d at
4  1339 ("To survive [a] motion to dismiss, therefore, [the] complaint[] must contain facts plausibly
5  showing that [defendants] specifically intended their customers to infringe the . . . patent and knew
6  that the customer's acts constituted infringement.").  Likewise, with respect to contributory
7  infringement, the complaint is devoid of allegations that the accused products constitute a material
8  part of that patented device or method, that Juniper knew that the accused products were especially
9  made or adapted for an infringing use, or that the accused products have no substantial non-
10 infringing use.  *See Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory
11 infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference
12 that the components sold or offered for sale have no substantial non-infringing uses."); *Halton*
13 *Co. v. Streivor, Inc.*, 2010 U.S. Dist. LEXIS 50649, *5 (N.D. Cal. May 21, 2010) (dismissing
14 contributory infringement claims where "there was no allegation by plaintiff that the accused
15 commercial kitchen product was a 'component of a patented machine . . . constituting a material
16 part of the [patented] invention'"); *Discflo Corp. v. Am. Process Equip., Inc.*, 2011 U.S. Dist.
17 LEXIS 149424, *11 (S.D. Cal. Dec. 29, 2011) (dismissing contributory infringement claims where
18 plaintiff "failed to state in any way how any products manufactured by Defendants are
19 components that were 'especially made or especially adapted' to be used by a third party" in a
20 final product that infringes).
21        Indeed, BSL's sole allegation with respect to indirect infringement is that Juniper
22 supposedly indirectly infringes by "making, using, offering for sale, selling and/or importing into
23 the United States" an unspecified category and number of products.  This is, of course, precisely
24 the type of conclusory statement held insufficient in *Iqbal*.  Furthermore, even if these allegations
25 were read as factual statements, they could not reasonably lead to a "plausible inference" that
26 Juniper is liable for induced or contributory infringement, as both types of infringement require
27 allegations beyond "making, using, offering for sale, selling and/or importing into the United
28 States" allegedly infringing products.  *See Halton*, 2010 U.S. Dist. LEXIS 50649 at *5 (dismissing

1  indirect infringement allegations where the complaint made "no mention of any 'specific intent to
2  encourage another's infringement.'"); *see also DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d
3  1293, 1306 (Fed. Cir. 2006) ("Inducement requires evidence of culpable conduct, directed to
4  encouraging another's infringement, not merely that the inducer had knowledge of the direct
5  infringer's activities."). Accordingly, BSL's indirect infringement allegations must be dismissed.

## **CONCLUSION**

The allegations in BSL's complaint are insufficient to state a claim of either direct or indirect patent infringement. The direct infringement claims fail to satisfy the minimal requirements of Form 18, and the indirect infringement claims fail to allege any well-pleaded facts that would plausibly show entitlement to relief. Juniper therefore requests that this Court dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim.

Dated: May 14, 2013

IRELL & MANELLA LLP
Jonathan S. Kagan
Rebecca Clifford
Nima Hefazi

*/s/ Nima Hefazi*
Nima Hefazi
Attorneys for Defendant
JUNIPER NETWORKS, INC., a Delaware corporation