| | |
|---|---|
| Jeff D. Friedman (173886) | Steve W. Berman (*Pro Hac Vice*) |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Andrew M. Volk (*Pro Hac Vice*) |
| 715 Hearst Avenue, Suite 202 | Mark S. Carlson (*Pro Hac Vice*) |
| Berkeley, CA 94710 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| Telephone: (510) 725-3000 | 1918 Eighth Avenue, Suite 3300 |
| Facsimile: (510) 725-3001 | Seattle, WA 98101 |
| jefff@hbsslaw.com | Telephone: (206) 623-7292 |
| | Facsimile: (206) 623-0594 |
| | steve@hbsslaw.com |
| | andrew@hbsslaw.com |
| | markc@hbsslaw.com |

**ATTORNEYS FOR PLAINTIFF**
**BRIXHAM SOLUTIONS LTD.**

| | |
|---|---|
| Jonathan S. Kagan (166039) | Rebecca L. Clifford (254105) |
| IRELL & MANELLA LLP | Nima Hefazi (272816) |
| 1800 Avenue of the Stars, Suite 900 | IRELL & MANELLA LLP |
| Los Angeles, CA 90067-4276 | 840 Newport Center Drive, Suite 400 |
| Telephone: (310) 277-1010 | Newport Beach, CA 92660 |
| Facsimile: (310) 203-7199 | Telephone: (949) 760-0991 |
| jkagan@irell.com | Facsimile: (949) 760-5200 |
| | rclifford@irell.com |
| | nhefazi@irell.com |

**ATTORNEYS FOR DEFENDANT**
**JUNIPER NETWORKS, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIXHAM SOLUTIONS LTD., a British Virgin Islands International Business Company,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. C:13-00616-JCS<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DOCUMENT PRODUCTION PROTOCOL** |

1    Plaintiff Brixham Solutions Ltd. and Defendant Juniper Networks, Inc. hereby submit the
2 following stipulation regarding document production in the above-mentioned case:
3    1.   <u>Definitions and Scope</u>.  The following protocol and definitions shall control the
4 production of documents in this case.  The following terms shall be defined:
5       (a)   "Document(s)" shall have the same meaning as used in the Federal Rules of
6 Civil Procedure and case law construing same, except that, for purposes of this Joint Stipulation
7 and Order, the term "Document(s)" shall not include source code or other information or items
8 designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."  The format of production for
9 source code and other "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items shall
10 be governed by the Northern District of California's Patent Local Rule 2-2 Interim Model
11 Protective Order or any other applicable Protective Order that the Court enters in this case.
12       (b)   "Receiving Party" shall mean the party receiving production of Documents
13 in response to any request for production of document(s) pursuant to Fed. R. Civ. P.34(a) or any
14 other Federal or Local Rule.
15       (c)   "Producing Party" shall mean the party producing Documents in response to
16 any request for production of documents pursuant to Fed. R. Civ. P. 34(a) or any other Federal or
17 Local Rule.
18    2.   <u>Production Format</u>.  Documents that are produced in this case, whether originally
19 stored in paper or electronic form, shall be produced in the following format:
20       (a)   Documents shall be produced in single-page 300 dpi CCITT Group 4 black
21 and white Tagged Image File Format ("TIFF").  The parties will accommodate reasonable requests
22 for production of specific images in color.
23       (b)   Documents shall be provided with (1) a Concordance delimited load file(s),
24 and (2) an Opticon delimited cross-reference file(s) showing document breaks.
25       (c)   For each document, a document-level text file shall be provided.  The text of
26 ESI shall be extracted directly from the native file and each text file will be named for the
27 beginning Bates number of its corresponding document.
28

JOINT STIPULATION AND [PROPOSED] ORDER
RE: DOCUMENT PRODUCTION PROTOCOL     - 1 -            Case No. 13-00616-JCS
005010-11  607589 V1

        (d)      To the extent possible, Documents shall be produced with the associated OCR. Nothing in this agreement requires the Producing Party to ensure that the OCR is an exact duplicate of the contents of the TIFF image. Moreover, no party shall be obligated to OCR ESI that contains no extractable text.

        (e)      The parties recognize that it may be appropriate for certain Documents to be produced in native format. Therefore, the Producing Party may produce a Document in native format at its discretion. The Receiving Party may also make reasonable requests that a Document produced in the format described in 2(a) – (d) above be produced in native format. Prior to producing any confidential information as defined in the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order or any other applicable Protective Order in native format, the Producing Party and the Receiving Party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of the native information.

        (f)      Notwithstanding the foregoing provisions, the parties may use an alternative format for certain Documents (*e.g*., PDF), if such Documents are not susceptible to production in the format described above, if it would be unduly burdensome to produce the Documents in the format described above, and/or if the circumstances of the particular production make it impractical to comply with the formatting requirements. In the event that the Producing Party produces documents in a format that differs from the format described in sections 2(a) – (d) above, and the Receiving Party objects to the alternate format, the parties will meet and confer and attempt to resolve any issue. If the parties cannot resolve the issue, it shall be presented to the Magistrate Judge for prompt resolution pursuant to paragraph 8 of the Civil Standing Orders for Magistrate Judge Joseph C. Spero.

    3.    <u>Document Unitization</u>. When scanning paper documents, the parties shall undertake reasonable efforts to ensure that distinct documents are not merged into a single record, and single documents are not split into multiple records (*i.e.*, the parties shall attempt to logically unitize scanned hard copy documents). For electronic documents, the parties will make reasonable efforts to maintain the relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, or other documents where a parent-child relationship exists

1   between the documents) through the scanning or conversion process from native format to TIFF,

2   such that at least one level of parent child relationship is preserved.  Where practical, document

3   images generated from attachments to e-mails stored in Native Format shall be produced

4   contemporaneously and sequentially immediately after the parent e-mail.

5       4.   Duplicates.  A Producing Party who has more than one identical copy of an

6   electronic document need only produce a single copy of that document.  A Producing Party may

7   de-duplicate its production only by custodian unless otherwise agreed.

8       5.   Resolution of Production Issues.  Documents that cannot be read because of

9   imaging or formatting problems shall be promptly identified by the Receiving Party.  The

10  Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s), to

11  the extent the problem(s) are within the parties' control.

12      6.   Paper Documents Containing Fixed Notes.  Paper Documents that contain fixed

13  notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct

14  other content on the document.  If the content of the Document is obscured by the affixed notes, the

15  Document and note shall be scanned separately.

16      7.   Privilege.  The production of a privileged or work-product-protected document,

17  whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this

18  case or in any other federal or state proceeding.  For example, the mere production of privileged or

19  work-product-protected documents in this case as part of a mass production is not itself a waiver in

20  this case or in any other federal or state proceeding.

21      8.   Redactions.  With respect to documents containing redacted text, no text under

22  section 2(c) above will be provided for the redacted portion.  The producing party shall produce a

23  document-level text file for the document in its redacted form only, so that the non-redacted text will be

24  searchable.  The failure to withhold such text for a redacted document by a Producing Party shall

25  not be deemed a waiver of the privilege associated with that Document.

26      9.   Metadata.  The following metadata shall be provided within the Concordance

27  delimited file described above for each document to the extent the metadata exists and is

28  reasonably accessible:

| | FIELD | DEFINITION |
|---|---|---|
| 1. | BEGINBATES or Prodbeg | Beginning Bates Number (production number) |
| 2. | ENDBATES or Prodend | Ending Bates Number (production number) |
| 3. | BEGATTACH or Prodattachbeg | First Bates number of a family range (*i.e.,* Bates number of the first page of the parent email) |
| 4. | ENDATTACH or Prodattachend | Last Bates number of a family range (*i.e.,* Bates number of the last page of the last attachment) |
| 5. | CUSTODIAN | Name of person from whose files the document/data is being produced |
| 6. | FILENAME | Filename associated with the document/data |
| 7. | HASHVALUE | MD5 Hash or SHA Value for Edocs |
| 8. | DOCTYPE | Document type (*e.g.,* .doc, .pst, .ppt, .xls, .pdf) |
| 9. | LASTMODIFIED | Last Modified date |

The following additional metadata shall be provided within the Concordance delimited file described above for each email produced to the extent the metadata exists and is reasonably accessible:

| | FIELD | DEFINITION |
|---|---|---|
| 10. | FROM | Sender |
| 11. | TO | Recipient |
| 12. | CC | Additional Recipients |
| 13. | BCC | Blind Additional Recipients |
| 14. | SUBJECT | Subject line of Email |
| 15. | DATESENT | Date sent |
| 16. | TIMESENT | Time sent |
| 17. | Parent-child relationships | Attachment information for documents that are part of a family |

The Receiving Party may request additional metadata (such as the original file path of Documents) if it would significantly aid the Receiving Party in understanding or using the Documents.  To the extent such additional metadata exists, the Producing Party shall not unreasonably withhold such metadata.

10. <u>Production Media</u>.  A Producing Party may produce Documents on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media

1  ("Production Media"). The Producing Party may also elect to produce Documents via email, FTP
2  website, or some other similar means. To the extent that a Producing Party produces Documents
3  on Production Media, the information that shall be identified on the face of the Production Media
4  shall include: (1) the production date, (2) the Bates number range of the Documents included on
5  the Production Media, and (3) the confidentiality notation required by the Protective Order entered
6  in this case, if applicable. If the Producing Party encrypts or "locks" the production, the Producing
7  Party shall provide the Receiving Party an explanation as to how to decrypt the files.

8      11.    <u>Databases</u>. To the extent discovery requires production of discoverable electronic
9  information in a database, the Producing Party may, at its option, produce exemplar reports from
10 the database in an image format described in paragraph 2 in lieu of producing the entire database in
11 native format or otherwise. Upon review of the exemplar reports, the Receiving Party may make
12 reasonable requests for production of the entire database in native format, for additional
13 information to explain the database scheme, codes, abbreviations, for different report formats, or
14 for specific data from indentified fields. The Producing Party shall not unreasonably deny such
15 requests.

16     12.    <u>Discovery and Admissibility</u>. Nothing herein shall be construed to affect the
17 discoverability or admissibility of any document or data. All objections to the discoverability or
18 admissibility of any document or data are preserved and may be asserted at any time.

19     13.    <u>Cooperation and Dispute Resolution</u>. To the extent that either party believes that
20 any provision in this protocol has become unduly burdensome or is otherwise unworkable, the
21 parties shall promptly meet and confer and attempt to resolve any issue. If the parties cannot
22 resolve the issue, it shall be presented to the Magistrate Judge for prompt resolution pursuant to
23 paragraph 8 of the Civil Standing Orders for Magistrate Judge Joseph C. Spero.

24 Dated: July 16, 2013        HAGENS BERMAN SOBOL SHAPIRO LLP

26                                                                                     _/s/ Steve W. Berman_____
27                                                                                     Steve W. Berman (*pro hac vice*)
                                                                                    Andrew M. Volk (*pro hac vice*)
28                                                                                     Mark S. Carlson (*pro hac vice*)

1
2
             *Attorneys for Plaintiff*
             Brixham Solutions LTD.

3
Dated: July 16, 2013

4
             IRELL & MANELLA LLP

5
6
             ___*/s/ Rebecca L. Clifford*_____
             Jonathan S. Kagan

7
             Rebecca L. Clifford
             Nima Hefazi

8
9
             *Attorneys for Defendant*
             Juniper Networks, Inc.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  The above JOINT STIPULATION AND [PROPOSED] ORDER REGARDING
2  DOCUMENT PRODUCTION PROTOCOL is approved and all parties shall comply with its
3  provisions.
4       IT IS SO ORDERED.

6  Dated: __July 17, 2013_____    _____
7                                           THE HONORABLE JOSEPH C. SPERO
                                            UNITED STATES MAGISTRATE JUDGE