| | |
|---|---|
| STADHEIM & GREAR LTD.<br>George C. Summerfield (P40644)<br>(summerfield@stadheimgrear.com)<br>400 North Michigan Ave., Suite 2200<br>Chicago, Illinois 60611<br>Telephone: (312) 755-4400<br>Facsimile: (312) 755-4408<br><br>Attorney for Plaintiff<br>BRIXHAM SOLUTIONS, LTD., a British<br>Virgin Islands International Business Company | IRELL & MANELLA LLP<br>Jonathan S. Kagan (SBN 166039)<br>(jkagan@irell.com)<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br><br>Rebecca L. Carson (SBN 254105)<br>(rcarson@irell.com)<br>Nima Hefazi (SBN 272816)<br>(nhefazi@irell.com)<br>840 Newport Center Drive, Suite 400<br>Newport Beach, California 92660-6324<br>Telephone: (949) 760-0991<br>Facsimile: (949) 760-5200<br><br>Attorneys for Defendant<br>JUNIPER NETWORKS, INC.,<br>a Delaware corporation |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIXHAM SOLUTIONS, LTD., a British Virgin Islands International Business Company,<br><br>        Plaintiff,<br><br>vs.<br><br>JUNIPER NETWORKS, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 3:13-cv-00616-JCS<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>**[PATENT L.R. 4-3]**<br><br>Action filed: February 12, 2013 |

In accordance with Rule 4-3 of the Patent Local Rules of the United States District Court for the Northern District of California, Plaintiff Brixham Solutions, Ltd. ("Plaintiff") and Defendant Juniper Networks, Inc. ("Defendant") (collectively, the "Parties") provide the following Joint Claim Construction and Prehearing Statement in connection with the asserted claims of U.S. Patent Nos. 7,940,652 (the "'652 Patent") and 7,535,895 (the "'895 Patent").

**(a)**      **The Construction of Terms on which the Parties Agree (Pat. L.R. 4-3(a))**

The parties have agreed on the following constructions:

*1.*      *'652 Patent*

| | **Term** | **Construction** | **Claim(s)** |
|---|---|---|---|
| 1 | a Pseudowire protection configuration parameter | "a data structure with one or more fields that specify certain protection properties associated with a Pseudowire" | Claims 1, 9 |
| 2 | the Pseudowire protection configuration parameter | "the data structure with one or more fields that specify certain protection properties associated with the standby Pseudowire" | Claims 1, 9 |
| 3 | [a/the] protection property | "[a/the] field of data that corresponds to a protection scheme, protection type, domain type, and/or priority" | Claims 1, 9 |

*2.*      *'895 Patent*

| | **Term** | **Construction** | **Claim(s)** |
|---|---|---|---|
| 1 | a switch coupling said plurality of link interfaces to said plurality of processing engines | "a device connected to each of said plurality of processing engines that allows data to be selectively directed between any of said link interfaces and any of said processing engines on non-fixed data paths" | Claims 5, 14 |
| 2 | mapping information maintained in said network switch | "a set of switching rules stored in the network switch that specifies how data should be directed between the link interfaces and the processing engines" | Claims 5, 14 |
| 3 | configured to modify said mapping information in response to a failure of at least one processing engine | "configured to change one or more of the rules in the mapping information after at least one of the processing engines fails so that the data to and from the link interface(s) associated with the failed processing engine(s) is redistributed among the remaining processing engines" | Claim 14 |

| 4 | includes entries in a mapping table | "includes switching rules that are organized in a data table structure with common fields, where each rule identifies how a portion of the data is to be directed" | Claims 6, 15 |

The parties further agree that the term "rule(s)" in constructions 2-4 shall have its plain and ordinary meaning.

**(b)** **Proposed Constructions of Disputed Terms (Pat. L.R. 4-3(b))**

The Parties have narrowed their disputes to the seven terms listed below. The Parties' proposed constructions of these terms are set forth in the accompanying Exhibit A along with the intrinsic and extrinsic evidence on which the parties intend to rely. Copies of the patents-in-suit are attached as Exhibits B-C.

**(c)** **Identification of Terms Whose Construction Will Be Most Significant, and of Case Dispositive Constructions (Pat. L.R. 4-3(c))**

The parties identify below the seven disputed terms whose construction will be most significant (and which are the only remaining disputed terms):

*1. '652 Patent*

| | **Term** | **Claims(s)** | **Comments** |
|---|---|---|---|
| 1 | [a/the] priority | Claims 1, 9 | Brixham contends that the universe of acts and devices amenable to an infringement accusation will be larger in the event the Court adopts its proposed construction, and smaller in the event Juniper's proposed construction is adopted.<br><br>Juniper contends that this term will be dispositive on all claims of the '652 patent if the Court adopts Juniper's proposed construction. |
| 2 | Pseudowire configuration acknowledgement | Claims 1, 9 | Brixham contends that the universe of acts and devices amenable to an infringement accusation will be larger in the event the Court adopts its proposed construction, and smaller in the event Juniper's proposed construction is adopted. |

| | Term | Claims(s) | Comments |
|---|---|---|---|
| | | | Juniper contends that this term will be dispositive on all claims of the '652 patent if the Court adopts Juniper's proposed construction. |
| 3 | existing traffic on the standby Pseudowire | Claims 1, 9 | Brixham contends that the universe of acts and devices amenable to an infringement accusation will be larger in the event the Court adopts its proposed construction, and smaller in the event Juniper's proposed construction is adopted.<br><br>Juniper contends that this term will be dispositive on all claims of the '652 patent if the Court adopts Juniper's proposed construction. |
| 4 | wherein the standby Pseudowire is dynamically selected from a plurality of connections | Claim 4 | Brixham contends that the universe of acts and devices amenable to an infringement accusation will be larger in the event the Court adopts its proposed construction, and smaller in the event Juniper's proposed construction is adopted.<br><br>Juniper contends that this term will be dispositive on claim 4 of the '652 patent if the Court adopts Juniper's proposed construction. |

### 2. '895 Patent

| | Term | Claims(s) | Comments |
|---|---|---|---|
| 5 | map data | Claims 5, 14 | Brixham contends that the universe of acts and devices amenable to an infringement accusation will be larger in the event the Court adopts its proposed construction, and smaller in the event Juniper's proposed construction is adopted.<br><br>Juniper contends that this term will be dispositive on all claims of the '895 patent if the Court adopts Juniper's proposed construction. |
| 6 | map data from a first link interface . . . to multiple | Claims 5, 14 | Brixham contends that the universe of acts and devices amenable to an |

2952917.1 06

| | | | |
|---|---|---|---|
| | processing engines in said plurality of processing engines | | infringement accusation will be larger in the event the Court adopts its proposed construction, and smaller in the event Juniper's proposed construction is adopted. Juniper contends that this term will be dispositive on all claims of the '895 patent if the Court adopts Juniper's proposed construction. |
| 7 | configured to modify said mapping information in response to a failure of at least one link interface | Claim 5 | The parties agree that this term will be dispositive on claim 5 of the '895 patent if the Court adopts Juniper's proposed construction. Brixham further submits that Juniper's construction is dispositive given that it has data being mapped backwards, *i.e.*, from interfaces to processing engines. |

**(d)  Anticipated Length of Time Necessary for the Claim Construction Hearing (Pat. L.R. 4-3(d))**

The Parties anticipate that no more than three hours will be necessary for the claim construction hearing currently scheduled for May 29, 2014.

**(e)  Whether Any Party Proposes to Call One or More Witnesses at the Claim Construction Hearing, and Summaries of Testimony (Pat. L.R. 4-3(e))**

Neither party intends to call a witness at the claim construction hearing at this time.

| | | |
|---|---|---|
| 1 | Dated: January 13, 2014 | Respectfully submitted, |
| 2 | | STADHEIM & GREAR LTD. |
| 3 | | By: /s/ *George C. Summerfield* |
| 4 | | George C. Summerfield (P40644) (summerfield@stadheimgrear.com) |
| 5 | | STADHEIM & GREAR LTD. 400 North Michigan Ave., Suite 2200 |
| 6 | | Chicago, Illinois 60611 Telephone: 312-755-4400 |
| 7 | | Facsimile: 312-755-4408 |
| 8 | | Attorney for Plaintiff BRIXHAM SOLUTIONS, LTD. |
| 10 | Dated: January 13, 2014 | IRELL & MANELLA LLP |
| 11 | | By: /s/ *Rebecca L. Carson* |
| 12 | | Jonathan S. Kagan (SBN 166039) (jkagan@irell.com) |
| 13 | | 1800 Avenue of the Stars, Suite 900 Los Angeles, CA 90067 |
| 14 | | Telephone: (310) 277-1010 Facsimile: (310) 203-7199 |
| 15 | | Rebecca L. Carson (SBN 254105) |
| 16 | | (rcarson@irell.com) Nima Hefazi (SBN 272816) |
| 17 | | (nhefazi@irell.com)) 840 Newport Center Drive, Suite 400 |
| 18 | | Newport Beach, CA 92660-6324 Telephone: (949) 760-0991 |
| 19 | | Facsimile: (949) 760-5200 |
| 20 | | Attorneys for Defendant JUNIPER NETWORKS, INC. |
| 21 | | a Delaware corporation |

**CERTIFICATION PURSUANT TO GENERAL ORDER 45**

Pursuant to General Order 45X.B, I, George C. Summerfield, attest that the above signatory for the Defendant has concurred and consented to the filing of this document.

Dated: January 13, 2014 /s/ *George C. Summerfield*