UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIXHAM SOLUTIONS LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    Defendant. | Case No. 13-cv-00616-JCS<br><br>**ORDER GRANTING MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW**<br><br>Re: Dkt. No. 70 |

## I.   INTRODUCTION

Defendant Juniper Networks, Inc. ("Juniper") has filed a Motion to Stay Litigation Pending *Inter Partes* Review ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the May 9, 2014 hearing pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.[1]

## II.   BACKGROUND

Plaintiff Brixham Solutions, Ltd. ("BSL") is a nonpracticing entity registered in the British Virgin Islands. *See* Declaration of Rebecca L. Carson in Support of Juniper Networks, Inc.'s Motion to Stay Litigation Pending *Inter Partes* Review ("Carson Decl."), Ex. G ("Assignment of Patent Rights"). BSL acquired the rights to 25 issued patents and pending patent applications, including the four patents asserted in this action, in a bankruptcy proceeding. *Id.* BSL filed this action on February 12, 2013. In its complaint, BSL alleged Juniper was infringing U.S. Patent No. 7,899, 916 ("the '916 patent"), U.S. Patent No. 7,609,621 ("the '621 patent"), U.S. Patent No. 7,535,895 ("the '895 patent") and U.S. Patent No. 7,940,652 ("the '652 patent").

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Two of those patents remain at issue in the case – the '895 and '652 patents.[2] As to those patents, Juniper has filed a petition for *inter partes* review with the Patent and Trademark Office ("PTO") requesting that the PTO cancel each and every claim that BSL is asserting against Juniper in this action.

## III. ANALYSIS

"Whether to grant a stay pending the PTO's review of a patent involved in the lawsuit is within the court's discretion." *Pi-Net International, Inc. v. Focus Business Bank*, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013) (conditionally granting motion to stay based on filing of petition for ex parte review). In determining whether a stay is warranted pending the PTO's review of a patent, courts generally consider the following non-exclusive factors: (1) "whether a stay will simplify the issues in question and trial of the case"; (2) "whether discovery is complete and whether a trial date has been set"; and (3) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Id*. (quoting *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006)).

Here, all three of these factors support entry of a stay of this action pending the PTO's review of the asserted patents. First, it is likely that a stay will simplify the issues in this case because the vast majority of requests for *inter partes* review are accepted[3] and in virtually all of the cases in which final written decisions have been issued, the PTO has cancelled some or all of the challenged claims.[4] Although BSL contends entry of a stay is premature because the PTO has not yet decided to grant the petition for review, it does not point to any deficiencies in Juniper's petition that might result in rejection of the petition. Given the high rate at which the PTO grants petitions for *inter partes* review, even a petition requesting review is likely to simplify the issues

---

[2] BSL stipulated to the dismissal of its claims based on the '621 patent in January 2014. *See* Docket Nos. 54, 55. In addition, BSL failed to submit any claims from the '916 patent in its infringement contentions.

[3] America Invents Act Progress Statistics published by the PTO indicate that in FY 2013 87% of requests for *inter partes* review were instituted while in the first quarter of FY 2014 79% of requests were instituted. *See* Carson Decl., Ex. A.

[4] *See* Carson Decl., Ex. C (Sidley Austin LLP PTO Trials Blog providing statistics showing that in all but three of the 40 final written decisions that have been issues in *inter partes* review proceedings, all claims at issue were cancelled).

in the case, at least where, as here, the petition contains no obvious deficiencies.[5] *See PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 U.S. Dist. LEXIS 4095, at *17 (N.D. Cal. Jan. 13, 2014); *Evolutionary Intelligence LLC v. Yelp Inc.,* 2013 U.S. Dist. LEXIS 178547, at *20-22 (N.D. Cal. Dec. 18, 2013). Finally, assuming the PTO institutes review, the case is likely to be streamlined even if *no* claims are cancelled because of the estoppel provisions of 35 U.S.C. § 315(e), which will estop Juniper from asserting that surviving claims are invalid on grounds that were addressed during the *inter partes* review. Accordingly, the Court finds that this factor favors entry of a stay.

Second, although some written and document discovery has been conducted, the case is at a relatively early stage. The Court has not set dates for fact or expert discovery cut-offs or for trial. Nor has claim construction yet occurred, although the parties have submitted their claim construction briefs. Therefore, this factor also favors entry of a stay.

Finally, a stay will not unduly prejudice BSL or result in a tactical disadvantage to BSL. Juniper has not unduly delayed in filing its petition for *inter partes* review. Further, as a non-practicing entity, BSL cannot demonstrate any irreparable harm that might result from a stay. *See Evolutionary Intelligence LLC v. Yelp Inc.,* 2013 U.S. Dist. LEXIS 178547, at *8 (N.D. Cal. Dec. 18, 2013) ("If the parties are not competitors (meaning that the plaintiff does not market any products or services covered by the claims of the patents-in-suit and does not seek a preliminary injunction), the plaintiff does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the status quo ante with monetary relief"). Moreover, the potential delay associated with *inter partes* review is not significant in comparison to the post-grant review procedures that existed prior to the enactment of the America Invents Act; in particular, the procedures for *inter partes* review provide that the Patent Trial and Appeal Board

---

[5] The Court also notes that the decision as to whether the PTO will institute a review must be made within 90 days of the date BSL's preliminary responses to Juniper's petition are due, at the end of May 2014. In fact, Judge Ryu notes in *Evolutionary Intelligence LLC v. Yelp Inc.,* 2013 U.S. Dist. LEXIS 178547, at *8 (N.D. Cal. Dec. 18, 2013) that in 2013 the PTO took an average of 63 days to make this decision rather than the full 90 days permitted by statute. Thus, even if the PTO rejects Juniper's petition, BSL will suffer essentially no prejudice from the brief delay in this case.

will issue a final written decision within a year of the institution decision. *See* Carson Decl., Ex. D (Federal Register) at 48757). Therefore, the Court concludes that the third factor also favors entry of a stay.

The Court also finds BSL's reliance on *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corporation*, 2013 U.S. Dist. LEXIS 162521, at *3 n. 1 (N.D. Cal. Nov. 13, 2013) unpersuasive. In contrast to the facts here, the parties in that case were competitors. In addition, the court in *TPK* concluded that the defendant had not been diligent in seeking *inter partes* review. Therefore, *TPK* is not on point.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. This action is stayed pending a decision by the PTO regarding institution of *inter partes* review. Should the PTO institute *inter partes* review, the stay shall extend through the date of issuance of a final written decision. The parties shall inform the Court promptly when the PTO decides whether to accept review and, if it does, when a final written decision is issued by the PTO. All dates currently set in this case are VACATED. A Case Management Conference is set for **Friday, September 19, 2014 at 2:00 p.m.** The parties shall file a joint case management statement no later than **Friday, September 12, 2014.**

**IT IS SO ORDERED.**

Dated: April 28, 2014

JOSEPH C. SPERO
United States Magistrate Judge